WESTERN UNION TELEGRAPH COMPANY v. T. H. THOMPSON MILLING
COMPANY.

Decided December 21, 1905.

**Pleading—Proof—Measure of Damages.**

Plaintiff alleged that on account of the nondelivery by defendant of its message it was forced to purchase wheat at an advanced price; and the proof was that no wheat had in fact been purchased by plaintiff, but the price did advance. Held, it was immaterial to plaintiff's right to recover whether it did or did not buy at the advanced price. It was entitled to the value of its lost bargain.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Hume, Robinson & Hume,* for appellant.—Plaintiff having alleged that it lost the purchase of 10,000 bushels of wheat at the price of seventy cents per bushel through defendant's negligence, and promptly thereafter went into the open market·and bought wheat in lieu thereof at an average advance of four and one-half cents per bushel over the contract price of seventy cents, and was thereby damaged, it was error for the court to submit to the jury as the measure of plaintiff's damages the difference between the price at which the property would have been purchased if the telegram had been promptly delivered and the price at which the property could have been purchased by the plaintiff by reasonable diligence within a reasonable time after the discovery by said plaintiff that said telegram had not been delivered. Parker v. Blarers, 19 Texas, 410; Gulf, C. & S. F. Ry. Co. v. Loonie, 82 Texas, 323; Western U. Tel. Co. v. Carver, 39 S. W. Rep., 1021; Western U. Tel. Co. v. Brown, 84 Texas, 56; Downey v. Hatter, 48 S. W. Rep., 34; Houston Ry. Tel. Co. v. Davidson, 15 Texas Civ. App., 335 and 337; Western U. Tel. Co. v. Kemp, 28 S. W. Rep., 904; True v. International Tel. Co., 60 Me., 9, 11 Am. Rep., 156; Squire v. Western U. Tel. Co., 98 Mass., 232, 93 Am. Dec., 157; United States Tel. Co. v. Wenger, 55 Pa. St., 262, 93 Am. Dec., 751; Turner v. Hawkeye Tel. Co., 41 Iowa, 458, 20 Am. Rep., 605; Mowry v. Western U. Tel. Co., 51 Hun (N. Y.), 126; Gulf, etc., Ry. Co. v. Loonie, 82 Texas, 323; Western U. Tel. Co. v. Graham, 1 Colo., 230, 9 Am. Rep., 136. May recover money paid for transmission, and advance in freight, and any expense incurred, but not contingent or anticipated profits: Western U. Tel. Co. v. Way, 83 Ala., 542; Western U. Tel. Co. v. Harris, 19 Ill. App., 347; see also, Cyc., vol. 13, p. 184, sec. B, and many cases there cited; Western U. Tel. Co. v. Spivey, 83 S. W. Rep., 365; Western U. Tel. Co. v. Bell, 59 S. W. Rep., 918.

"The court erred in refusing special charge number 2, requested by defendant, reading as follows: 'Unless you believe from the evidence that J. F. Weiser & Co. would have closed the sale of wheat to plaintiff —although Weiser & Co. had requested immediate acceptance of their offer of August 12—if they had received plaintiff's telegram of August 13, on said date, after 10 o'clock a. m., you will find for defendant.'"

Houston Ry. Tel. Co. v. Davidson, 15 Texas Civ. App., 337; Maday v. Harvey, 90 Ill., 525.

*Andrews, Ball & Streetman*, for appellee.—Against appellant's first assignment of error, cited: Western U. Tel. Co. v. Carver, 39 S. W. Rep., 1021; Western U. Tel. Co. v. Brown, 84 Texas, 55; Day v. Dalziel, 32 S. W. Rep., 377; Battaglia v. Thomas, 23 S. W. Rep., 1118.

GILL, CHIEF JUSTICE.—This suit was brought by the T. H. Thompson Milling Company to recover of the Western Union Telegraph Company damages in the sum of $450 occasioned by the negligent failure of defendant company to deliver a message ordering 10,000 bushels of wheat.

Plaintiff averred that, on account of the nondelivery of the message, it was forced to go into the market and purchase wheat at an advance of four and one-half cents per bushel, which was the lowest price at which it could be obtained, and the damage claimed is the difference between what they alleged they paid and what the grain would have been bought at had the message been delivered.

The defendant answered by general denial.

A trial by jury resulted in a verdict and judgment in favor of plaintiff for $375, from which defendant has appealed.

The facts are as follows: The plaintiff company was engaged in the milling business at Houston, Texas. On August 12, 1903, at 1:35 p. m., plaintiff company wired J. T. Weiser & Co., at Hico, Texas, offering sixty-nine and one-half cents per bushel for 10,000 bushels of wheat. Weiser & Co. wired back declining the offer, but submitting a counter offer to sell at seventy cents per bushel conditioned upon immediate acceptance. The record does not show when this seventy-cent offer reached plaintiff, except inferentially, that it was received sometime on the afternoon or evening of the 12th of August. On August 13, at 10 o'clock a. m., plaintiff delivered to the telegraph company a message for transmission and delivery to Weiser & Co., ordering 10,000 bushels of wheat at seventy cents, the price at which the Hico firm had offered it. This message was never delivered, and plaintiff did not learn of its nondelivery until August 14. On that date Weiser & Co. wired plaintiffs, advising that their offer had not been accepted by telegraph, and offering 5,000 bushels at seventy-two and one-half cents, which was the market price on that day. Plaintiffs did not accept the 5,000 bushels, and did not buy at all. Wheat continued to advance until by August 20 its market price was from seventy-five to seventy-six cents.

One of the firm of Weiser & Co. testified that, had their seventy-cent offer been accepted by wire on the 12th, they would have protected it—that is to say, they would have sold the wheat at that price. There was no testimony that they would not have filled the order had acceptance reached them on the morning of the 13th. Wheat advanced one-half cent per bushel some time during that day.

The telegraph company introduced letters from Weiser & Co. to plaintiffs, in which it is stated that, had the telegram addressed to them at 10 a. m., August 13, reached them promptly, they would have protected their offer of the day before.

It thus appears that there are at least two fact issues in the case:

First.   Was the acceptance of the seventy-cent offer of Weiser & Co., by the message of August 13, at 10 a. m., an immediate or prompt acceptance in the light of all the circumstances?   The result of this inquiry would depend in part on when the seventy-cent offer reached plaintiffs, and if answered in the affirmative it would follow that, had the defendant company delivered it promptly, Weiser & Co. would have been thereby bound to furnish the wheat at the price named in the accepted offer.

Second.   Conceding that plaintiff's acceptance of August 13, at 10 a. m., was not immediate, in the sense contemplated by the parties, then would Weiser & Co. nevertheless have filled the order had the message reached them with reasonable promptness?

One or the other of these issues must be found in favor of plaintiff in order to authorize any judgment for damages against the defendant company.

The only other issue is the measure of damages, the defendant not pretending to have delivered the telegram of August 13, and plaintiff offering no proof that it had gone into the market and bought any wheat.

As the judgment must be reversed, and the cause remanded for another trial, we do not deem it necessary to find the facts in fuller detail.

Under the first assignment of error appellant complains of the submission of any issue as to the measure of damages, because the allegation was a purchase of wheat at a higher price, and prayer for the difference in value, and the proof was that no wheat had been purchased by plaintiff.   We are inclined to think the point not well taken.   The fact was alleged that the company's negligence caused plaintiff to lose the purchase of 10,000 bushels of wheat at seventy cents, and that wheat thereafter advanced in price.   If this was true it was immaterial to their right to recover whether they bought, or did not buy, at the advanced price.   They were entitled to the value of their lost bargain, the measure of which had been the difference between what they must have paid in the open market at the advanced price, in the exercise of reasonable diligence, and seventy cents per bushel at Hico.   That was the measure submitted by the trial court in the general charge.

The refusal of the trial court to give the following special charge is assailed under the fourth assignment.

"Unless you believe from the evidence that J. W. Weiser & Co. would have closed the sale of wheat to plaintiff—although they had requested immediate acceptance of their offer of August 12—if they had received plaintiff's telegram of August 13 on said date after 10 o'clock a. m., you will find for defendant."   The charge was an apt presentation of one of the controlling issues on the question of liability, and the refusal to give it was error, requiring a reversal of the case.   Nowhere in the main charge was the question distinctly submitted.   If the acceptance of the seventy-cent offer was not immediate, then there could be no loss of bargain unless Weiser & Co. would have voluntarily accepted it as an independent offer, and under the facts the issue was for the jury.   The objection that the refused charge was argumentative is without merit.

It was necessary to distinguish this issue from the one of immediate acceptance.

We do not deem it proper to pass on the assignments assailing the sufficiency of the facts to support the judgment. We have already indicated that they present the issue of liability.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*